MATTHEW T. SINNOTT (SBN 229468)
msinnott@martensonlaw.com
DAVID L. LEWIS (SBN 284537)
dlewis@martensonlaw.com
MARTENSON, HASBROUCK & SIMON LLP
5800 Armada Drive, Suite 101
Carlsbad, California 92008
Telephone: (760) 683-8499
Facsimile: (404) 909-8120

Attorneys for Plaintiff
UNIVERSAL BUILDING MAINTENANCE, LLC dba ALLIED UNIVERSAL JANITORIAL SERVICES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL BUILDING MAINTENANCE, LLC dba ALLIED UNIVERSAL JANITORIAL SERVICES,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH CALCOTE,<br><br>Defendant. | CASE NO.: 8:22-cv-01125-KES<br><br>**SUPPLEMENTAL DECLARATION OF MATTHEW T. SINNOTT REGARDING SERVICE OF APPLICATION FOR TEMPORARY RESTRAINING ORDER PURSUANT TO LOCAL RULE 65 AND SECTION F OF INITIAL ORDER** |

I, Matthew T. Sinnott, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts in the State of California and admitted to the United States District Court for the Central District of California. I am an attorney with the law firm Martenson, Hasbrouck & Simon LLP, counsel of record for Plaintiff Universal Building Maintenance, LLC dba Allied Universal Janitorial Services ("Allied Universal").

2. On June 7, 2022, Allied Universal filed its Complaint against Defendant Joseph Calcote ("Calcote") seeking damages and injunctive relief regarding Calcote's theft of trade secrets and confidential information in violation of federal and state law and written contract at the time of his voluntary resignation from Allied Universal.

3. On June 10, 2022, Allied Universal filed an Application for Temporary Restraining Order as to Misappropriation of Trade Secrets ("TRO Application") based on information obtained demonstrating Calcote's continuing attempts to use Allied Universal's trade secret and confidential information for his own benefit, and that of his new employer, to the detriment of Allied Universal.

4. On June 10, 2022, Service of the Complaint and Summons was attempted at Calcote's last known address on Shenandoah Avenue in Los Angeles, California. The process server reported that through discussions with individuals at that location, Calcote likely did not reside at that location.

5. Further investigation by my office revealed that Calcote had moved and was residing at a home on Madison Street in Torrance California.

6. On June 13, 2022, this matter was reassigned from Magistrate Judge Karen E. Scott to Judge James V. Selna for all further proceedings.

7. Pursuant to the "Initial Order Following Filing of Complaint Assigned to Judge Selna," Section F, Allied Universal added the TRO Application and all documents filed in support to the package for service on Mr. Calcote at the Madison Street Address.

8. Between June 16 and June 22, 2022, eight separate attempts were made to serve Calcote at the Madison Street Address. The process servers contracted by Allied Universal to effectuate service reported that on one such attempt an occupant at that residence, who Allied Universal believes to be related to Calcote, informed the process server that Calcote was not there. That person was unwilling to provide any further information and reportedly slammed the door. Further attempts at service have been ignored by the residents. Attached hereto as **Exhibit A** are the declarations of due diligence for the attempts made at service upon Calcote.

9. Between June 16 and June 22, 2022, my office made multiple attempts to reach Calcote by telephone and through his new employer. No calls or emails to Calcote or his new employer were returned or responded to.

10. On June 16, 2022, an attorney at my office attempted to reach Mr. Calcote via text message to Calcote's cell phone notifying Calcote of the legal action and requesting he respond, noting "I want to make sure you have any opportunity to respond before the court takes action." Attached hereto as **Exhibit B** is a true and correct copy of the text message, including an indication the text message had been read. Calcote did not respond to this text message.

11. On June 17, my office sent Calcote two separate emails to his personal email address, the same email address he used to send trade secret and confidential materials to himself. Attached to the first email is the Complaint and Summons, and to the second email, the TRO Application and all supporting documents. Attached hereto as **Exhibit C** are true and correct copies of the emails sent to Calcote. Calcote did not respond to either email.

12. On or about June 22, 2022, Allied Universal learned that Calcote's new employer (an Allied Universal competitor) had submitted a proposal to a current Allied Universal client whose account was up for renewal. Confidential information regarding this client's account was among the documents wrongfully

taken by Calcote from Allied Universal at the time of his resignation. Allied Universal's process servers were informed of the date and time of the site walk scheduled by the client so that they could effectuate service on site but were unable to do so despite all reasonable efforts.

13. In light of the foregoing, and due to the ongoing threat presented by Calcote continued use and attempted use of Allied Universal Trade Secrets and Confidential materials, Allied Universal respectfully requests Judge Selna treat Section F of his "Initial Order Following Filing of Complaint Assigned to Judge Selna" as satisfied so that the TRO Application can be ruled upon without further delay.

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, and the State of California, that the foregoing is true and correct.

Executed this day, June 29, 2022

                                          /s/ Matthew T. Sinnott
                                          Matthew T. Sinnott