MATTHEW T. SINNOTT (SBN 229468)
msinnott@martensonlaw.com
DAVID L. LEWIS (SBN 284537)
dlewis@martensonlaw.com
MARTENSON, HASBROUCK & SIMON LLP
5800 Armada Drive, Suite 101
Carlsbad, California 92008
Telephone:  (760) 683-8499
Facsimile:   (404) 909-8120

Attorneys for Plaintiff
Universal Building Maintenance LLC d/b/a Allied Universal Janitorial Services

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL BUILDING MAINTENANCE LLC D/B/A ALLIED UNIVERSAL JANITORIAL SERVICES,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH CALCOTE,<br><br>Defendant. | CASE NO.: 8:22-cv-01125-JVS-DFMx<br><br>**PLAINTIFF UNIVERSAL BUILDING MAINTENANCE LLC'S REQUEST FOR HEARING ON MOTION FOR DEFAULT JUDGMENT**<br><br>DATE:   October 24, 2022 (vacated)<br>TIME:    1:30 p.m. (vacated)<br>JUDGE: Honorable James V. Selna<br>CTRM:  10C |

## I. INTRODUCTION

On October 21, 2022, the Court issued its Tentative Ruling on Plaintiff Universal Building Maintenance LLC dba Allied Universal Janitorial Services' ("Plaintiff" or "Allied Universal") Motion for Default Judgment against Defendant Joseph Calcote ("Defendant").

The Tentative Ruling <u>granted</u> Plaintiff's motion for default judgment and request for permanent injunction but <u>denied</u> Plaintiff's request for attorneys' fees in the amount of $83,600.00, as calculated under Local Rule 55-3.

Plaintiff requests the following: (1) to be heard on Plaintiff's request for attorneys' fees and costs, or alternatively, for the Court to revise its Order to include the award of attorneys' fees and costs in the amount of $90,422.34.

## II. AN AWARD OF ATTORNEYS FEES AND COSTS IS APPROPRIATE IN SUPPORT OF DEFAULT JUDGMENT.

In the Tentative Ruling, the Court found Plaintiff was entitled to fees and costs but denied its request for $83,600 in attorneys' fees requested pursuant to Local Rule 55-3. (Tentative Ruling at sub. C(3), p. 11.) The Court invited Plaintiff to submit additional information in support of its request for the award of fees and costs. (*Ibid*.)

As noted by the Court in its Tentative Ruling, the Confidentiality and Non-Solicitation Agreement ("Agreement") signed by Defendant provides "the prevailing party shall recover all its costs incurred in prosecuting or defending such legal proceeding or portion thereof, including its reasonable attorneys' fees." (Complt, Dkt. No. 1, ¶ 11.) And based on the terms of the Agreement, Allied Universal is entitled to reasonable attorneys' fees. (Tentative Ruling at sub. C(3), p. 11.) The CUTSA and DTSA likewise provide for the recovery of fees and costs. (See Cal. Civ. Code § 3426.4, 18 U.S.C. § 1836 (B)(3)(d).)

As set forth in the Declaration of Matthew T. Sinnott (filed herewith), substantial time was expended by Plaintiff's counsel in cataloguing and reviewing

the stolen materials, interviewing witnesses and investigating the potential claims, preparing correspondence to Defendant and his employer, preparing the complaint and exhibits, preparing all documents in support of the motion for temporary injunction, preliminary injunction, and preparing all portion of the motion default judgment and reply thereto. Here, both the hourly rates applied and the number of hours expended are reasonable. In total, <u>Plaintiff expended a total of 215.7 hours of attorney time</u>. Additionally, <u>Plaintiff reasonably incurred $3,109.84 in litigation costs</u>, the majority of which relate to the expenses of multiple attempts at service and required surveillance due to Defendant's continual attempts to avoid service.

As such, Plaintiff is requesting the following:

- Attorney 1 (MTS): 81.8 x $450/hr. = <u>$36,810.00</u>
- Attorney 2 (MDC): 38.6 x $450/hr. = <u>$17,370.00</u>
- Attorney 3 (DLL): 28.8 x $400/hr. = <u>$11,520.00</u>
- Attorney 4 (JHA): 66.5 x $325/hr. = <u>$21,612.50</u>
   - 215.7 hours = $87,312.50 in Attorneys' Fees
- <u>$3,109.84 in costs</u>
- **TOTAL** = $87,312.50 (Fees) + $3,109.84 (costs) = **$90,422.34**

In determining a reasonable hourly attorney billing rate, "the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210-11 (9th Cir. 1986), amended on other grounds by 808 F.2d 1373 (9th Cir. 1987); see also, *Altavion, Inc. v. Konica Minolta Sys. Lab'y, Inc.*, 226 Cal. App. 4th 26, 73 (2014) [in calculating hourly rate on CUTSA claim, the Court explained, "[t]he reasonable market value of the attorney's services is the measure of a reasonable hourly rate. [Citations.] This standard applies regardless of whether the attorneys claiming fees charge nothing for their services, charge at below-market or discounted rates, represent the client on a straight contingent fee basis, or are in-house counsel"].

### 1. *The Hourly Billing Rates Are Reasonable*

The Declaration of Matthew T. Sinnott filed concurrently herewith demonstrates that the attorney hours billed on this matter were done so by Matthew T. Sinnott (MTS), a 19-year attorney, Matthew D. Crawford (MDC), also a 19-year attorney, David L. Lewis (DLL), a 10-year attorney, and Julie Hunter-Anderson (JHA), a four-year attorney.

Mr. Sinnott and Mr. Crawford are senior partners, Mr. Lewis is a partner, and Ms. Hunter-Anderson is an associate with Martenson Hasbrouck & Simon LLP. Mr. Sinnott and Mr. Crawford's $450 per hour rate, Mr. Lewis's $400 per hour rate, and Ms. Hunter-Anderson's $325 per hour rate for employment litigation in this venue is at or below the prevailing rates in the region and the respective levels of Plaintiff's attorneys' experience.

### 2. *The Number of Hours Sought Is Reasonable.*

The number of hours requested herein is reasonable, as reflected in the accompanying declarations as well as the Attorney's Fees Summary Chart. The declarations and Attorneys' Fees Summary Chart detail the nature of the work performed by each timekeeper, as well as the date and hours expended, which courts have generally recognized as sufficient evidentiary support for fee requests. (See Exhibit A to Declaration of Matthew T. Sinnott)

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

Plaintiff respectfully requests that this Court grant Plaintiff's request to be heard in support of its motion for default judgment, or alternatively, issue an order granting Plaintiff's requests for attorneys' fees and costs in the amount of $90,422.34

DATE: October 25, 2022                MARTENSON, HASBROUCK & SIMON, LLP

By:   */s/ Matthew T. Sinnott*
Matthew T. Sinnott
David L. Lewis
Attorney for Plaintiff
UNIVERSAL BUILDING MAINTENANCE, LLC dba ALLIED UNIVERSAL JANITORIAL SERVICES

# CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing **PLAINTIFF UNIVERSAL BUILDING MAINTENANCE LLC'S REQUEST FOR HEARING ON MOTION FOR DEFAULT JUDGMENT and DECLARATION OF MATTHEW T. SINNOTT IN SUPPORT OF REQUEST FOR HEARING ON PLAINTIFF UNIVERSAL BUILDING MAINTENANCE LLC'S MOTION FOR DEFAULT JUDGMENT** have been served upon the opposing party in this matter via U.S. mail to:

Joseph Calcote

28611 Bloom Lane

Santa Clarita, CA 91350

Dated: October 25, 2022

/s/ Matthew T. Sinnott
Matthew T. Sinnott, Esq.