JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-1125 JVS (DFMx) | Date | November 7, 2022 |
| Title | Universal Building Maintenance LLC d/b/a Allied Universal Janitorial Services v. Joseph Calcote | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   [IN CHAMBERS] <u>Order Regarding Motion for Default Judgment</u>

Plaintiff, Universal Building Maintenance, LLC, doing business as Allied Universal Janitorial Services ("Allied Universal"), moves for default judgment against Defendant, Joseph Calcote ("Calcote"). Mot., Dkt. No. 22. Calcote has not filed a response.

The Court vacated the October 24, 2022, hearing. Fed R. Civ. P. 78; L.R. 7-15. Allied Universal requested to be heard on its request for attorneys' fees and costs, or alternatively for the Court to revise the Tentative Order to include attorneys' fees based on the information provided. Request, Dkt. No. 25. The Court **DENIES** Allied Universal's request for hearing. Fed R. Civ. P. 78; L.R. 7-15.

For the following reasons, the Court **GRANTS in part and DENIES in part** the motion for default judgment.

## I. BACKGROUND

The following facts rely on the allegations from Universal's complaint. See Compl., Dkt. No. 1. Allied Universal provides contract janitorial and maintenance services. Id. ¶ 6. Calcote was hired by Allied Universal in or around December 2018 as a Business Development Manager. Id. ¶ 9. Calcote signed a "Confidentiality and Non-Solicitation Agreement." Id. ¶ 11. Calcote was responsible for business development in the northern Los Angeles region. Id. ¶¶ 13–24. As such, Calcote had intimate knowledge of Allied Universal's proprietary information. Id. Allied Universal alleges, on or around March 19, 2022, Calcote emailed confidential and proprietary information

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-1125 JVS (DFMx) | Date | November 7, 2022 |
| Title | Universal Building Maintenance LLC d/b/a Allied Universal Janitorial Services v. Joseph Calcote | | |

maintained on his Allied Universal laptop and on intranet and servers to his personal laptop. Id. ¶¶ 34–105.

Allied Universal brings seven causes of action against Calcote: (1) Violation of the Defend Trade Secrets Act of 2016; (2) Breach of contract; (3) Violation of the California Uniform Trade Secrets Act; (4) Breach of the duty of loyalty; (5) Conversion; (6) Intentional interference with prospective economic advantage; and (7) Violation of California Business and Professions Code Section 17200.

On July 20, 2022, this Court issued a preliminary injunction enjoining Calcote from using, disclosing, or further misappropriating the Allied Universal trade secrets sent to his personal email account. Preliminary Injunction, Dkt. No. 16. On August 11, 2022, a default was entered against Calcote by the clerk pursuant to Federal Rule of Civil Procedure 55(a). Default, Dkt. No. 20. Allied Universal filed this instant motion on September 23, 2022. On October 10, 2022, Allied Universal filed a reply indicating Calcote's failure to respond. To date, Calcote has not filed a response.

## II. LEGAL STANDARD

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural and substantive requirements for default judgment.

### A. Procedural Requirements

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure. Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint. Fed. R. Civ. P. 54(c). Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form. Fed. R. Civ. P. 55(a). Lastly, if a defaulting party has appeared in an action, then a plaintiff needs to serve a motion for default on the defaulting party. Fed. R. Civ. P. 55(b)(2).

In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration

Case 8:22-cv-01125-JVS-DFM   Document 26   Filed 11/07/22   Page 3 of 14   Page ID #:341

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-1125 JVS (DFMx) | Date | November 7, 2022 |
| Title | Universal Building Maintenance LLC d/b/a Allied Universal Janitorial Services v. Joseph Calcote | | |

establishing (1) when and against who the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent "and if so, whether that person is represented by a guardian, committee, conservator or other representative", (4) whether the Servicemembers Civil Relief Act applies, and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2). L.R. 55-1.

     *B.*     *Substantive Requirements*

The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)).

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir. 1992). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### III. DISCUSSION

*A.*     *Procedural Requirements*

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-1125 JVS (DFMx) | Date | November 7, 2022 |
| Title | Universal Building Maintenance LLC d/b/a Allied Universal Janitorial Services v. Joseph Calcote | | |

    Allied Universal has satisfied the procedural requirements for a default judgment against Calcote. The motion for default judgment requests a permanent injunction, damages, and attorneys' fees. Mot., Dkt. No. 24-27. This is consistent with the relief requested in the Complaint, as required by Rule 54(c). Compl., Dkt. No. 1, at 28. Allied Universal also served Calcote with copies of the Complaint and the Summons as required by Rule 55(b)(2). See Dkt. No. 18.

    Allied Universal has also satisfied Local Rule 55-1. The declaration accompanying the motion establishes that the clerk entered a default against the Calcote on August 11, 2022, that the default was entered on Allied Universal's Complaint. See Sinnott Decl., Dkt. No. 22, ¶ 6-7. Allied Universal also previously submitted a declaration confirming that Calcote is not an infant or incompetent person, and that the Servicemembers Civil Relief Act does not apply. See Sinnott Decl., Dkt. No. 19, ¶¶ 7–8. Calcote was also served with this motion on September 23, 2022. See Reply, Dkt. No. 23, at 1. This satisfies Local Rule 55-1.

    Accordingly, the Court finds Allied Universal has satisfied the procedural requirements to enter a default judgment.

B.    *Substantive Requirements*

    1.    The possibility of prejudice to the plaintiff

    Under the first Eitel factor, a court examines whether a plaintiff will experience prejudice if he does not receive a default judgment. Eitel, 782 F.2d at 1472. If, absent a default, a plaintiff has no remedy, then he will suffer prejudice. Philip Morris, 219 F.R.D. at 499; PepsiCo, 238 F. Supp. 2d at 1175.

    The first Eitel factor favors default judgment because Calcote is in possession of Allied Universal's confidential and proprietary information. Allied Universal has also expanded effort and incurred costs and fees in prosecuting this action. Calcote failed to respond to the preliminary injunction hearing, the default issued by the clerk, or any of the papers associated with this motion. Thus, the Court finds the first factor favors default judgment.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-1125 JVS (DFMx) | Date | November 7, 2022 |
| Title | Universal Building Maintenance LLC d/b/a Allied Universal Janitorial Services v. Joseph Calcote | | |

   2 & 3.  <u>The merits of the plaintiff's substantive claim and sufficiency of the complaint</u>

  The second and third <u>Eitel</u> factors consider the substantive merit of the plaintiff's claim and the sufficiency of the complaint. <u>Eitel</u>, 782 F.2d at 1471. Taken together, they "require that a plaintiff state a claim on which it may recover." <u>Landstar Ranger, Inc. v. Parth Enters., Inc.</u>, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (internal quotations omitted). To weigh these two factors, the Court must evaluate the merits of each of Allied Universal's claims.

    **a. Violation of Defend Trade Secrets Act ("DTSA") of 2016 and California Uniform Trade Secrets Act ("CUTSA")**

  "To state a claim for trade secret misappropriation under the DTSA and the CUTSA, a plaintiff must allege that: (1) the plaintiff owned a trade secret; (2) the defendant misappropriated the trade secret; and (3) the defendant's actions damaged the plaintiff." <u>Alta Devices, Inc. v. LG Elecs., Inc.</u>, 343 F. Supp. 3d 868, 877 (N.D. Cal. 2018) (internal quotations omitted). The elements of CUTSA and DTSA are similar. <u>See id.</u>

  "The DTSA defines a trade secret as financial, business, scientific, technical, economic, or engineering information that (A) the owner there of has taken reasonable measures to keep . . . secret; and (B) . . . derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." <u>Id.</u> (internal quotations and citations omitted).

  "Trade secret is defined under the CUTSA as information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) [d]erives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy." <u>Id.</u> (internal quotations and citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-1125 JVS (DFMx) | Date | November 7, 2022 |
| Title | Universal Building Maintenance LLC d/b/a Allied Universal Janitorial Services v. Joseph Calcote | | |

"Under both the DTSA and the CUTSA, misappropriation means either (1) the [a]cquisition of a trade secret by another person who knows or has reason to know that the trade secret was acquired by improper means; or (2) the [d]isclosure or use of a trade secret of another without express or implied consent." Id. (internal quotations and citations omitted).

The first issue is whether Allied Universal possesses a trade secret. Allied Universal alleges the information Calcote emailed to his own personal account was "about its customers or customers unique business needs and preferences [which] allows Allied Universal to tailor their sales approach that is superior to their competitors." Complt., Dkt. No. 1, ¶ 26. The "[k]nowledge of pricing and formulae would allow competitors to undercut Allied Universal on pricing." Id. ¶ 27. These facts sufficiently allege the information is business information under DTSA and formula, compilation, and process under CUTSA. See Whyte v. Schlage Lock Co., 101 Cal. App. 4th 1443, 1455–56 (2002) ("Cases have recognized that information related to cost and pricing can be trade secret."). Allied Universal alleges it sought to protect the information by issuing password-protected computers, requiring multiple log-ins for its applications and software, varied level of information access, confidentiality provisions in the employee handbook, and confidentiality agreements. Id. ¶¶ 29–33. This is sufficient to show Allied Universal took reasonable efforts to maintain the information's secrecy, as required under CUTSA. Allied Universal alleges the information is used to "tailor their sales approach that is superior to their competitors. Id. ¶ 26. This is sufficient to show independent economic value as required by DTSA. Allied Universal sufficiently alleges the information at issue is a trade secret.

Next, Allied Universal must show Calcote misappropriated the trade secret. Allied Universal alleges, between March 19, 2022, and March 21, 2022, Calcote emailed from his Allied Universal email account to his personal email account thirty-nine emails and seventy-nine documents containing information on Allied Universal's Southern California clients. Id. ¶ 97. Subsequently, Calcote voluntarily terminated his employment. Id. ¶ 99. Allied Universal alleges Calcote used the information to solicit one of Allied Universal's clients to stop doing business with Allied Universal and hire Calcote's new employer, a competitor. Id. ¶ 101.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-1125 JVS (DFMx) | Date | November 7, 2022 |

| | |
|---|---|
| Title | Universal Building Maintenance LLC d/b/a Allied Universal Janitorial Services v. Joseph Calcote |

Lastly, Allied Universal must show Calcote's actions damaged them. Allied Universal alleges Calcote accepted employment with a competitor and attempted to solicit Client A, which Calcote had an extensive amount of confidential information about. Id. ¶¶ 101–01. As a result Allied Universal alleges it has or will suffer loss of business, customers, and goodwill. Id. ¶ 120. Allied Universal sufficiently alleges it has suffered damage from Calcote's conduct.

Calcote sufficiently alleges violations of DTSA and CUTSA.

### b.     Preemption

CUTSA "preempts common law claims that are 'based on the same nucleus of facts as the misappropriation of trade secrets claim for relief.'" K.C. Multimedia, Inc. v. Bank of Am. Tech. & Ops., Inc., 171 Cal. App. 4th 939, 958–59 (2009).

In addition to the claims for violation of DTSA and CUTSA, Allied Universal brings claims of breach of contract, breach of duty of loyalty, conversion, and intentional interference with prospective advantage. These claims arise from Calcote's alleged violation of the Confidentiality and Non-Solicitation Agreement. Allied Universal alleges Calcote sent thirty-nine emails and a total of seventy-nine attachments in violation of the agreement. All of Allied Universal's claims hinge on Calcote's sending of those emails and attachments, including the common law claims. Because the Court has found Allied Universal sufficiently plead a violation of CUTSA, the remaining claims are preempted. The Court declines to address the sufficiency of Allied Universal's remaining claims.

Allied Universal sufficiently alleges violations of DTSA and CUTSA. Allied Universal fails to sufficiently allege the remaining common law claims based on preemption. Because Allied Universal sufficiently alleges some of their claims, the second and third Eitel factors weigh in favor of default judgment.

### 4.     The sum of money at issue

The fourth Eitel factor examines whether a sum of money at stake is proportionate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-1125 JVS (DFMx) | Date | November 7, 2022 |
| Title | Universal Building Maintenance LLC d/b/a Allied Universal Janitorial Services v. Joseph Calcote | | |

to the plaintiff's harm. Landstar Rager, Inc. v. Parth Enters., Inc., 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). While the Court generally accepts the factual allegations of the complaint as true on a motion for default judgment, the Court cannot accept as true those allegations relating to the amount of damages. See Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977).

Allied Universal, in the Complaint, seeks injunctive relief, actual damages with the amount to be proven at trial, liquidated damages in the amount of $100,000 per breach, punitive damages, and attorneys' fees. Complt., Dkt. No. 1, ¶¶ a–f. Allied Universal seeks a total of $3.9 million in damages based on thirty-nine breaches by Calcote. Mot., Dkt. No. 22, at 24. Allied Universal contends the the Confidentiality and Non-Solicitation Agreement Calcote signed required a $100,000 sum for each breach of the agreement. Id. at 26. But Allied Universal does not allege how the amount of liquidated damages is proportionate to the harm incurred. In fact, Allied Universal states most of the damages are to be determined at trial. Allied Universal also requests Attorneys' fees, in the sum of $83,600.00, as calculated under Local Rule 55-3. This factor does not weigh in favor of default judgment.

     5.     <u>The possibility of a dispute regarding material facts</u>

The fifth <u>Eitel</u> factor weighs in favor of default judgment because "[u]pon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." <u>PepsiCo</u>, 238 F. Supp. 2d at 1175.

As discussed earlier, Allied Universal adequately alleged a claim on two causes of action. Because Calcote failed to oppose the motion, no factual disputes exist that would preclude the entry of default judgment. This factor weighs in favor of default judgment.

     6.     <u>Whether the default was due to excusable neglect</u>

The sixth <u>Eitel</u> factor considers whether the default was due to excusable neglect. <u>Eitel</u>, 782 F.2d at 1472. The possibility of excusable neglect is remote when the defendant has been properly served or is aware of the lawsuit. <u>Wecosign, Inc. v. IFG Holdings, Inc.</u>, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-1125 JVS (DFMx) | Date | November 7, 2022 |
| Title | Universal Building Maintenance LLC d/b/a Allied Universal Janitorial Services v. Joseph Calcote | | |

    The sixth Eitel factor weighs in favor of default judgment in this case. The Court finds that a default was unlikely to have resulted from excusable neglect in this case. Allied Universal filed its Complaint on June 7, 2022. Allied Universal applied for a preliminary injunction and a hearing was held on July 15, 2022. Dkt. Nos. 7, 14. Calcote failed to attend the hearing. Dkt. No. 14. On July 14, 2022, Allied Universal served Calcote, at his home, with the Complaint and Summons. Dkt. No. 18. On August 8, 2022, the Clerk entered a default. On September 23, 2022, Allied Universal served Calcote with this motion. Reply, Dkt. No. 23. Given the efforts to notify Calcote regarding this action and the period of time that has elapsed since Allied Universal filed the Complaint, the possibility of excusable neglect is remote. This factor weighs in favor of default judgment.

    7.    <u>The strong policy favoring decisions on the merits</u>

    The final Eitel factor recognizes that "[c]ases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. Where a defendant fails to answer the complaint, however, a decision on the merits is "impractical, if not impossible." PepsiCo, 238 F. Supp. 2d at 1177.

    The seventh Eitel factor, the strong policy favoring decisions on the merits, weighs against entry of a default judgment. But this factor alone is insufficient to counterbalance the other factors in this case. See PepsiCo, 238 F. Supp. 2d at 1177.

    The Eitel factors weigh in favor of entry of default judgment.

C.    *Remedies*

    Allied Universal seeks injunctive relief, liquidated damages, and attorneys' fees. Mot., Dkt. No. 22, 24–27. The Court will discuss each in turn.

    1.    <u>Injunctive relief</u>

To obtain a permanent injunction, a plaintiff must demonstrate:

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-1125 JVS (DFMx) | Date | November 7, 2022 |
| Title | Universal Building Maintenance LLC d/b/a Allied Universal Janitorial Services v. Joseph Calcote | | |

(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006).  The Court's "decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court."  Id.

This Court previously granted Allied Universal's preliminary injunction.  See Preliminary Injunction, Dkt. No. 16.  Calcote did not appear at the hearing to determine if the preliminary injunction should be issued.  Id.  The preliminary injunction enjoined Calcote from "using, disclosing, or further misappropriating the Allied Universal trade secrets," and soliciting Allied Universal clients identified in the trade secrets.  Id. at 2–7.  Since the preliminary injunction was issued, Calcote has still failed to appear to defend against this litigation.

For the same reasons as the preliminary injunction, Allied Universal has sufficiently demonstrated a permanent injunction is warranted.  Calcote continues to refuse to respond to efforts to reach him and return the confidential information, joined an Allied Universal competitor immediately after taking confidential information without authorization, and attempted to solicit an Allied Universal client to which the confidential information related to.  Monetary damages are inadequate because without equitable relief, Calcote can still possess and use the confidential information.  Allied Universal faces great hardship, such as loss of business, while the only burden on Calcote is to return in the information and cede from soliciting certain Allied Universal clients.  There is no public interest that would be harmed  by issuing a permanent injunction.  Together, the eBay factors show that a permanent injunction is warranted.  The Court **GRANTS** Allied Universal's request for permanent injunction.

2. Damages

Liquidated damages are presumptively valid unless the party seeking to invalidate

Case 8:22-cv-01125-JVS-DFM   Document 26   Filed 11/07/22   Page 11 of 14   Page ID #:349

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-1125 JVS (DFMx) | Date | November 7, 2022 |
| Title | Universal Building Maintenance LLC d/b/a Allied Universal Janitorial Services v. Joseph Calcote | | |

the provision establishes the provision was unreasonable at the time it was made. Cal. Civ. Code § 1671(b). Liquidated damages are inappropriate if they "[bear] no reasonable relationship to the range of actual damages that the parties could have anticipated would flow from a breach." Ridgley v. Topa Thrift & Loan Ass'n, 17 Cal. 4th 970, 976 (1998). If liquidated damages are disproportionate to the anticipated damages, they are considered an unenforceable penalty. Id. Whether a liquidated damages clause is enforceable or whether it is "an unenforceable penalty is a question of law." Harbor Island Holdings v. Kim, 107 Cal. App. 4th 790, 794 (2003).

Allied Universal contends it is entitled to $100,000 for each of the thirty-nine emails sent by Calcote, for a total of $3.9 million. This is based on the Confidentiality and Non-Solicitation Agreement Calcote signed which states: "[Calcote] agree[s] to pay to the Company the sum of $100,000 for each such breach as liquidated damages in the event that [Calcote] breach[es] this Agreement. [Calcote] also acknowledge[s] and agree[s] that the sum of $100,000 is not unreasonable under the circumstances existing at the time this Agreement is entered into." Complt., Dkt. No. 1, ¶ 11.

Calcote has failed to appear in this litigation and thus has not challenged the above provision was unreasonable when made. As such, the liquidated damages provision is presumptively valid. Allied Universal, in its Complaint, states they are entitled to lost profits "to be determined at trial" and "will continue to suffer, financial loss and other damages in an amount to be determined at trial." Complt., Dkt. No. 1, ¶¶ 140, 148. While the liquidated damages provision is presumptively valid, Allied Universal fails to show the liquidated damages bears a reasonable relationship to actual anticipated damages. Allied Universal alleges Calcote moved to a competitor and tried to solicit a single client related to the confidential information. Allied Universal contends the injuries they face include loss of business, customers, trade secrets and goodwill. Complt., Dkt. No. 1, ¶ 120. But Allied Universal has failed to show how those injuries are reasonably related to the $3.9 million liquidated damages sum. The Court **DENIES** Allied Universals request for liquidated damages.

3.      Attorneys' fees

State law governs the interpretation of contracts that provide for an award of

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-1125 JVS (DFMx) | Date | November 7, 2022 |
| Title | Universal Building Maintenance LLC d/b/a Allied Universal Janitorial Services v. Joseph Calcote | | |

attorney's fees. <u>Resolution Trust Corp. v. Midwest Fed. Sav. Bank of Minot</u>, 36 F.3d 785, 800 (9th Cir. 1993). Under California law, where a contract explicitly carves out a prevailing party's right to claim attorney's fees and costs, the prevailing party "shall be entitled to reasonable attorney's fees in addition to other costs." Cal. Civ. Code § 1717(a). Local Rule 55-3 provides the calculation of fees in a default judgment, based on the amount of the judgment.

The Confidentiality and Non-Solicitation Agreement provides "the prevailing party shall recover all its costs incurred in prosecuting or defending such legal proceeding or portion thereof, including its reasonable attorneys' fees." Complt, Dkt. No. 1, ¶ 11. Based on the terms of the agreement, Allied Universal is entitled to reasonable attorneys' fees. Allied Universal initially requested $83,600 in attorneys' fees. This sum was calculated pursuant to Local Rule 55-3 and based on the $3.9 million liquidated damages. In the Tentative Order, the Court denied the attorneys' fees request because it was based on the liquidated damages amount that the Court also denied. The Court invited Allied Universal to submit additional information such as billing information, or update its attorneys' fee calculation based on its liquidated damages calculation.

In California, reasonable attorneys' fees authorized by contract are awarded to the prevailing party "as fixed by the court." Cal. Civ. Code. § 1717(a); <u>see also</u> <u>EnPalm, LLC v. Teitler</u>, 162 Cal. App. 4th 770, 774 (2008). The trial court has broad discretion to determine the amount of a reasonable fee, and the award of fees is governed by equitable principles. <u>EnPalm</u>, 162 Cal. App. 4th at 774 (citing <u>PLCM Grp. v. Drexler</u>, 22 Cal. 4th 1084, 1094-95 (2000)). "The trial court makes its determination after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." <u>Altavion, Inc. v. Konica Minolta Sys. Lab'y, Inc.</u>, 226 Cal. App. 4th 26, 71 (2014). Local Rule 55-3 provides a schedule to calculate attorneys' fees based on the amount of judgment. A Court may also consider a written request in excess of the schedule and "render judgment for such fee as the Court may deem reasonable." L.R. 55-3.

"The use of the lodestar method for calculating attorney fees was established in California in [<u>Serrano v. Priest</u>, 20 Cal. 3d 25, 48 (1977)]." <u>Thayer v. Wells Fargo Bank,</u>

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-1125 JVS (DFMx) | Date | November 7, 2022 |
| Title | Universal Building Maintenance LLC d/b/a Allied Universal Janitorial Services v. Joseph Calcote | | |

N.A., 92 Cal. App. 4th 819, 833 (2001). "The first step involves the lodestar figure—a calculation based on the number of hours reasonable expended multiplied by the lawyer's hourly rate." EnPalm, 162 Cal. App. 4th at 774 (quotation marks and citations omitted). Second, the Court may adjust the lodestar figure "based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." Id. (quotation marks and citations omitted); see also Ketchum v. Moses, 24 Cal. 4th 1122, 1132 (2001) ("[T]rial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation."). Factors to be considered in adjusting the lodestar include "the nature and difficulty of the litigation, the amount of money involved, the skill required and employed to handle the case, the attention given, the success or failure, and *other circumstances in the case*." EnPalm, 162 Cal. App. 4th at 774 (citation omitted) (emphasis in original). "Although the district court's calculation of an award need not be done with precision, some indication of how it arrived at its figures and the amount of the award is necessary." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1211 (9th Cir. 1986).

Allied Universal submitted billing information and an attorneys' fees calculation in its request for hearing. Request, Dkt. No. 25. Allied Universal requests an updated attorneys' fees and costs in the amount of $90,422.34. Request, Dkt. No. 25. This amount consists of $87,312.50 in attorneys' fees and $3,109.84 in costs. Id. The costs were for court fees, delivery and messenger services, and investigation, surveillance, and service costs. The Court finds the costs are routine items typically paid for by the client and the amount reasonable.

Allied Universal also submitted a declaration and exhibit displaying the hours billed, the rates charged, and description of work done. See Request, Dkt. No. 25, Declaration of Matthew T. Sinnott & Ex. A. Allied Universal claims to have expended 215.7 hours on the litigation by four attorneys, which included reviewing the stolen materials, filing a complaint, requesting a temporary restraining order, and moving for default judgment. Id. The Court finds this amount reasonable based on the course of the litigation, the work done, and the results achieved. See Request Dkt. No. 25, Ex. A.

The Declaration also provided the hourly billing rates for each of the four

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 22-1125 JVS (DFMx) | Date | November 7, 2022 |
| Title | Universal Building Maintenance LLC d/b/a Allied Universal Janitorial Services v. Joseph Calcote | | |

attorneys. The rates range from $450 (for a nineteen-year attorney) to $325 (for a four-year attorney). The Declaration stated the experiences and rates for each of the attorneys. Allied Universal also asserts the rates are at or below the hourly rates for employment litigation in the region. See Request, Dkt. No. 25, at 3; Declaration of Matthew T. Sinnott, ¶ 5. The Court finds these billing rates reasonable. See Widrig v. Apfel, 140 F.3d 1207, 1209 (9th Cir. 1998) (noting "declarations of the prevailing market rate in the relevant community are sufficient to establish a reasonable hourly rate" provided there is "satisfactory evidence").

Because the hours billed and the hourly rate are reasonable, a lodestar calculation would yield the same amount as the amount requested. Moreover, were Allied Universal to recover the $3.9 million in liquidated damages, their attorneys' fees award under Local Rule 55-3 would be $83,600. This fee, compared to the actual requested attorneys' fee and costs of $90,422.34 is reasonable. As such, the Court **GRANTS** Allied Universal's request for attorneys' fees and costs.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the motion for default judgment. The Court **GRANTS** Allied Universal's motion for entry of default judgment, request for permanent injunction, and request for attorneys' fees. The Court **DENIES** Allied Universal's request for liquidated damages without prejudice. Counsel to submit a proposed judgment.

**IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |